UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY BEERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 23- CV |
| | ) |
| ASA MCVICKER, and | ) |
| JOHNSTON CITY, IL, | ) |
| | ) |
| Defendants. | ) |

Defendants to be served:

ASA MCVICKER
c/o Johnston City Police Dept
100 W. Broadway Blvd.
Johnston City, IL 62951

JOHNSTON CITY, IL
100 W Broadway Blvd
Johnston City, IL 62951

## COMPLAINT

COMES NOW, Plaintiff Corey Beers, by and through his undersigned attorneys Jarrod P. Beasley and David Cates, and for his Complaint against Asa McVicker, and Johnston City, states as follows:

## FACTS

1. Plaintiff is and was at all relevant times a resident of Illinois.

2. Defendant Asa McVicker was an officer with the Johnston City Police Department.

3. The Defendant, Johnston City, is a municipal corporation and governmental unit within the State of Illinois.

4. On or about October 18, 2021, Plaintiff was driving a Black Chevy Tahoe.

5. Plaintiff was pursued by the police.

6. Following a brief pursuit, Plaintiff was tased by Officer Trexel.

7. Plaintiff fell to the ground.

8. While on the ground, and being unable to resist, Defendant McVicker stuck Plaintiff multiple times to the head with his police issued taser.

9. At no point did plaintiff ever get on his feet.

10. Plaintiff, once subdued, obeyed the officers' commands.

11. Plaintiff repeatedly told McVicker during the beating that he was not resisting.

12. Plaintiff was not resisting arrest at the time of this attack.

13. Plaintiff was following the officers' commands at the time of the attack.

14. As a result of these egregious actions, Plaintiff was injured.

## COUNT I
## Asa McVicker – 42 U.S.C. § 1983

15. Plaintiff hereby incorporates Paragraphs 1-14 as if fully set forth herein.

16. That at all times mentioned herein, the Defendant, McVicker was acting under color of law.

17. That defendant McVicker is being sued in his individual capacity.

18. That Defendant McVicker, without provocation or any legal justification, beat plaintiff on or about his head with his department issued taser, causing severe physical damage.

19. That the aforementioned acts by the defendant constituted grossly excessive force in violation of the Plaintiff's fourth and fourteenth amendment rights.

20. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, lost the enjoyment of his life, endured pain and suffering with accompanying mental distress of those injuries, incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Asa McVicker, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, punitive damages and costs.

## COUNT II
### Asa McVicker - Willful and Wanton

21. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

22. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff by beating plaintiff with his taser without just cause and in violation of department policy.

23. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, lost the enjoyment of his life, endured pain and

suffering with accompanying mental distress of those injuries, incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Asa McVicker, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus

## COUNT III
### Johnston City, Illinois – 42 U.S.C. § 1983

24. Plaintiff hereby incorporates Paragraphs 1-23 as if fully set forth herein.

25. Defendant McVicker has a history of excessive force claims.

26. Following this incident, McVicker was separated from employment with Johnston City.

27. At all times mentioned herein, the defendant, Johnston City, Illinois, had customs, policies, and practices that violated the Fourth Amendment rights of its arrestees under the United States Constitution, including, but not limited to:

    a. It hired and retained McVicker, knowing that he was likely to violate the rights of his arrestees and knew of prior incidents of abuse;

    b. It hired McVicker knowing or should have known he had routinely violated the rights of arrestees previously;

    c. It failed to properly train, investigate, discipline, and/or fire McVicker for such violations; and

    d. Otherwise violated plaintiff's constitutional rights.

28. That the aforementioned acts by the defendant allowed plaintiff to suffer grossly excessive force in violation of the Plaintiff's fourth and fourteenth amendments.

29. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, lost the enjoyment of her life, endured pain and suffering with accompanying mental distress of those injuries, incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Johnston City, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, punitive damages and costs.

### COUNT III
### Johnston City, Illinois – Indemnification

30. Plaintiff hereby incorporates Paragraphs 1-29 as if fully set forth herein.

31. Pursuant to 745 ILCS 10/9-102 the local governmental entity is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

32. Defendant McVicker was acting in the course and scope of his employment at all times referenced in the complaint.

33. Johnston City is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the Plaintiff, demands judgment against the Defendant Johnston City for the amount of any judgment entered against Defendant McVicker in Counts I or II and for such further relief as this Court deems just and proper.

Respectfully Submitted,

/s/Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 S. First Street
Belleville, IL 62220
Phone:  618.277.7260
Fax:  618.277.7718
jarrodbeasley@kuehnlawfirm.com

DAVID I. CATES #06289198
*CATES MAHONEY, LLC*
216 West Pointe Drive, Ste. A
Swansea, Illinois 62226
Telephone: 618-277-3644
Facsimile: 618-277-7882
E-mail: dcates@cateslaw.com