UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY BEERS,

    Plaintiff,

v.

ASA MCVICKER, and JOHNSON CITY, ILLINOIS.,

    Defendants.

Case No. 3:23-cv-00413-JPG

**MEMORANDUM AND ORDER**

## I. Introduction

This matter comes before the Court on Defendant's Johnson City, Illinois ("Johnson City") Motion to Dismiss Counts III and IV of Plaintiff Corey Beers ("Plaintiff" or "Beers") Complaint. (Doc. 9). Plaintiff filed a memorandum in opposition to Johnson City's Complaint. (Doc. 14). There is no reply on file and the time for doing so has passed. Asa McVicker ("McVicker") has separate counsel and has not filed a response to the instant motion.

## II. Factual and Procedural Background

McVicker's complaint centers on an incident that occurred on October 18, 2021. *See* Compl, Doc. 2. Beers alleges that on that date, McVicker, a police officer with the Johnson City Police Department, pursued him while he was driving a Black Chevy Tahoe. Compl at ¶¶ 2-3. When Beers was being pursued by the police, Officer Trexel tased Beers and Beers fell to the ground. *Id*. ¶¶ at 5-7. While Beers was on the ground, and unable to resist, McVicker struck Beers in the head with his taser. *Id*. ¶ 8. Beers never got on his feet, obeyed police commands, was not resisting, and repeatedly told the officers he was not resisting. *Id*. at ¶¶ 9-12. Beers was injured as

a result of officers' actions. *Id*. at ¶ 14.

On February 10, 2023, Beers filed a civil rights complaint against Johnson City and officer McVicker. Specifically, Beers filed a complaint under § 1983 against both Johnson City and officer McVicker, willful and wanton conduct against McVicker, and indemnification against Johnson City. On March 17, 2023, Johnson City filed the instant motion requesting this Court dismiss counts III and VI of Beers complaint for failing to state a claim upon which relief may be granted.

**III.   Analysis**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must state a claim to relief that is plausible on its face." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

First, Johnson City argues that Plaintiff's Complaint should be dismissed based on a failure to comply with the pleading requirements of the state of Illinois. (Doc. 9 at 3). It is undisputed that "Illinois is a fact-pleading jurisdiction." *Simpkins v. CSX Transp., Inc.*, 358 Ill.Dec. 613, 617, 965 N.E.2d 1092, 1096 (Ill. 2012). Yet federal courts are not. Federal courts require only that the complaint include enough facts so that the right to relief is more than speculative and so that the defendant can prepare a defense. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964–65; *see also* Fed. R. Civ. P. 8(a)(2) (requiring that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories." *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006). *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (complaints do not need to match facts to "elements" of a legal theory). *See also Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) ("In this regard, the Supreme Court has cautioned that '[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' ") (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Therefore, the Court reviews the sufficiency of the complaint based on *federal* pleading standards and not on Illinois pleading standards.

In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was "the moving force" behind it. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). *See also Arlotta v. Bradley Center*, 349 F.3d 517, 521–22 (7th Cir. 2003); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). In a civil rights case alleging municipal liability, a federal court may not apply a heightened pleading standard more stringent than the usual Rule 8(a) pleading requirements. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). The "official policy" requirement for liability under § 1983 is to "distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). "Misbehaving employees are responsible for their own conduct[;] 'units of local government are responsible only for their policies rather than misconduct by their workers.' " *Lewis*, 496 F.3d at 656.

The first question, therefore, is whether the complaint alleges a direct causal link between a policy or custom of the Sheriff's Department and the alleged constitutional violations. Est. of Sims ex rel. *Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). The Court finds that

Johnson City has sufficiently alleged a policy, custom, or practice that allegedly caused the violation of Beers' constitutional rights. Specifically, paragraph 27 of Beers' complaint alleges that Johnson City hired and retained McVicker knowing he was likely to violate rights of his arrestees and knew of prior incidents of abuse, hired McVicker knowing or should have known he routinely violated the rights of arrestees previously, had failed to properly train, investigate, discipline, and/or terminate McVicker for such violations. Compl at ¶ 27. Beers' allegations contain sufficient factual matter, which if accepted as true, state a claim for § 1983. Defendant Johnson City is adequately put on notice regarding the allegations and can sufficiently prepare a defense.

Next, Johnson City argues that Plaintiff's Complaint should be dismissed based upon the protection provided by Illinois Local Governmental and Government Employees Tort Immunity Act ("Tort Immunity Act") (745 ILCS 10/8–101(a)). (Doc. 9 at 3). Beers responds and argues the Illinois Tort Immunity Act does not apply to claims under 42 U.S.C. § 1983. The Court agrees with Beers.

The Tort Immunity Act "must be strictly construed against the local government entity," *Vaughn v. City of W. Frankfort*, 651 N.E.2d 1115, 1117 (Ill. 1995), and defendants bear the burden of establishing that the Tort Immunity Act bars liability, *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 280 (Ill. 2003). The Tort Immunity Act bars *state* claims against a defendant. However, here, Beers alleges a § 1983 claim against Johnson City and § 1983 is governed by federal not state law. As the Illinois Supreme Court has explained, "even if the Tort Immunity Act technically covers Section 1983 claims, a state immunity defense cannot control a federal statute." *Anderson v. Vill. of Forest Park*, 606 N.E.2d 205, 212 (Ill. App. 1992*). Payne for Hicks v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998) (whether sheriff and county were entitled to

immunity from § 1983 liability in action arising from arrestee's suicide was matter of federal law, and therefore federal claims against sheriff and county could not be dismissed on grounds that they enjoyed absolute immunity as matter of state law under Illinois Tort Immunity Act); *Kimble v. Cook County*, No. 14-cv-8240, 2016 WL 232430, at *5 (N.D. Ill. Jan. 19, 2016) (dismissing state negligence claim but finding § 1983 claim survives under Illinois Tort Immunity Act).

The Tort Immunity Act does not bar Beers' claims and the Court will deny Johnson City's motion on this basis as well.

### IV.    Conclusion

The Court hereby **DENIES** Defendant Johnson City's Motion to Dismiss (Doc. 9).


**IT IS SO ORDERED.**
**DATED:  June 9, 2023**

                              /s/  J. Phil Gilbert
                              J. PHIL GILBERT
                              U.S. DISTRICT JUDGE